United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-41661

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RODRICK SMITH,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(5:05-CR-1040)**

Before GARWOOD, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Rodrick Smith challenges his 18-month sentence for transporting an alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i). At issue is whether the district court erred in imposing an enhancement pursuant to advisory Guidelines § 2L1.1(b)(5) (the enhancement) (applicable "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person"). **AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith, a commercial tractor-trailer driver, was stopped in April 2005 by Border Patrol Agents at a highway border-patrol checkpoint north of Laredo, Texas. After a canine alerted to the presence of concealed contraband or persons in the tractor's cab, the Agents discovered five undocumented aliens concealed in the cab's sleeper compartment. Three of them were concealed in storage compartments located underneath the sleeper compartment's bed (compartments).

At sentencing, the district court overruled Smith's objection to the enhancement, which had been recommended by the presentence investigation report. In doing so, the district court relied on the Agents' photographs of the three aliens concealed in the compartments and found, *inter alia*: the aliens were "scrunched up" in them, which were "clearly meant for nothing but storage"; "if you have some sort of accident [that] ... causes [the top of the compartments] to be difficult to lift up, [the aliens] are going to be trapped"; and the aliens could not, while in the compartments, see their surroundings to take precautions in case of an accident.

The enhancement, coupled with an acceptance-of-responsibility adjustment, resulted in an advisory Guidelines sentencing range of 18-24 months imprisonment.

Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005) (rendering Guidelines advisory), a district court must still properly determine the Guidelines range as part of the sentencing process. *E.g.*, *United States v. Simmons*, 470 F.3d 1115, 1128-29 (5th Cir. 2006), *petition for cert. filed* (U.S. 16 Feb. 2007) (No. 06-9562). In that regard, its interpretation and application of the Guidelines are reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *id.* at 1129. "A factual finding is not clearly erroneous if it is plausible in [the] light of the record read as a whole." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir.), *cert. denied*, 126 S. Ct. 268 (2005).

Our court has recognized five non-exclusive factors to be considered when applying the § 2L1.1(b)(5) enhancement, which include: an alien's ability to exit the vehicle quickly; and the danger to him in the event of an accident. *See United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006). As discussed *supra*, the district court relied on photographs, the accuracy of which Smith does *not* dispute, to make findings regarding these factors. Smith does *not* show these findings are clearly erroneous. Accordingly, the enhancement was *not* erroneous. *See id.* at 890; *see also United States v. Rodriguez-Mesa*, 443 F.3d 397, 403 (5th Cir. 2006) (enhancement *not* erroneous where district court relied

on photographs indicating "it would have been difficult to extricate [the alien]").

III.

For the foregoing reasons, the judgment is

**_AFFIRMED._**

4